**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARACELI GUZMAN, | No. 07-73933 |
| Petitioner, | Agency No. A074-385-546 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued November 4, 2010
Submitted November 30, 2010
San Francisco, California

Before: KOZINSKI, Chief Judge, RYMER, Circuit Judge, and KENNELLY,
District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

Araceli Guzman, a native and citizen of Mexico, petitions for review of an order reinstating her January 10, 1996 order of exclusion and deportation. We deny the petition.

I

Guzman's application to adjust her status was not denied on the basis of the ten-year bar in INA § 212(a)(9)(C), but because of her January 10, 1996 removal and bar from entering the United States "for a period of one year." The one-year bar was in effect at the time of her removal. 8 U.S.C. § 1182(a)(6)(A) (1994). Reinstatement of removal was ordered pursuant to INA § 241(a)(5), which applies retroactively. *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 33 (2006). Thus, neither the denial of Guzman's application nor the reinstatement of the prior order had an impermissible retroactive effect. Guzman does not challenge any of the factual predicates for reinstatement. *See Padilla v. Ashcroft*, 334 F.3d 921, 925 (9th Cir. 2003).

II

Guzman did not seek discretionary waiver until after her removal order was reinstated. This meant that she was ineligible for "any relief," including adjustment of status. 8 U.S.C. § 1231(a)(5); *cf. Duran-Gonzales v. DHS*, 508 F.3d

1227, 1236 (9th Cir. 2007).  Any error in the 2009 denials of her waiver applications is harmless.  *See Padilla*, 334 F.3d at 924–25.


                                        III

    Guzman had no right to counsel in the reinstatement proceeding because it was not before an immigration judge.  *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 497 (9th Cir. 2007) (en banc).  Thus, she cannot claim her attorney was ineffective during the proceeding.  Nor can she claim that counsel was ineffective in failing to file an I-212 waiver application.  *See Balam-Chuc v. Mukasey*, 547 F.3d 1044, 1050–51 (9th Cir. 2008).  DHS wasn't obliged to allow her to file for cancellation of removal, as she never sought that relief.  *See Fernandez-Vargas*, 548 U.S. at 42 n.9.  Guzman is not similarly situated to the alien in *In re Cisneros-Gonzales*, 23 I. & N. Dec. 668, 668-69 (BIA 2004), who had applied for cancellation of removal prior to his removal proceeding.  Her remaining due process arguments lack merit.

        PETITION DENIED.